UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                        Case No. 23-50821

ELZBIETA KRYSTYNA TARPLEY,              Chapter 7

                    Debtor.                              Judge Thomas J. Tucker

_____/

**ORDER DENYING DEBTOR'S MOTION TO REOPEN THIS CASE,
BUT WAIVING MOTION FILING FEE**

On December 11, 2023, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On March 12, 2024, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727, and on March 15, 2024, the bankruptcy case was closed. But then on March 27, 2024, the Debtor filed a motion to reopen the case, entitled "Ex Parte Motion to Re-open Case to File Reaffirmation Agreement and Waive the Re-Opening Fee" (Docket # 22, the "Motion").

The Motion seeks to reopen the case so that the Debtor can file a reaffirmation agreement. The Motion states, in relevant part, that "[d]ue to a previous system processing error, the Debtor's counsel did not process the Reaffirmation Agreement with Creditor Ford Motor Credit Company LLC, in regards to the 2021 Ford Escape in a timely manner." (Mot. at 1 ¶ 4.)

The Motion will be denied, for the following reasons.

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." Once the discharge order has been entered, it is too late to make an enforceable reaffirmation agreement. *See In re Hounshell*, 627 B.R. 884, 885 (Bankr. E.D. Mich. 2021); *In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich.

2018); *In re Vozza*, 569 B.R. 686, 687 (Bankr. E.D. Mich. 2017); *In re Jenerette*, 558 B.R. 189, 191 (Bankr. E.D. Mich. 2016); *In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein. And a reaffirmation agreement is not "made" until there is a written agreement signed by both the debtor and the creditor. As this Court has explained,

> [A] reaffirmation agreement is not "made," within the meaning of 11 U.S.C. § 524(c)(1), until the written reaffirmation agreement is signed by both the debtor and the creditor. *See In re Siegal*, 535 B.R. 5, 13 (Bankr. D. Mass. 2015) (quoting *In re Salas*, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (citing *In re Herrera*, 380 B.R. 446, 450–51 (Bankr. W.D. Tex. 2007); *Whitehouse v. LaRoche*, 277 F.3d 568, 574 (1st Cir. 2002); *Lichtenstein v. Barbanel*, 161 Fed.Appx. 461 (6th Cir. 2005); *In re Turner*, 156 F.3d 713, 718 (7th Cir.1998); *Lee v. Yeutter*, 917 F.2d 1104, 1106 n. 3 (8th Cir.1990); *Republic Bank of Ca. v. Getzoff* (*In re Getzoff*), 180 B.R. 572, 574–75 (9th Cir. B.A.P. 1995); *and Schott v. WyHy Fed. Credit Union* (*In re Schott*), 282 B.R. 1, 7 ([B.A.P.10th Cir.] 2002)) ("'Made' means signed by the parties to the agreement."); *see also In re Golladay*, 391 B.R. 417, 422 n.1 (Bankr. C.D. Ill. 2008).
>
> One of the reasons why this is so is because under § 524 every reaffirmation agreement must be in writing, and a written agreement is not made until both sides sign it. Until that occurs, the parties have only, at most, an *oral* agreement. And an *oral* reaffirmation agreement is not enforceable under § 524(c).

*Jenerette*, 558 B.R. at 191 (footnote omitted).

In this case, the Motion does not allege or show that the Debtor and the Creditor made the reaffirmation agreement at issue before the discharge order was entered.

For these reasons, the Motion fails to show that there can be an enforceable reaffirmation agreement in this bankruptcy case. The Motion therefore fails to show that any purpose would be served by reopening this case. In other words, the Motion fails to demonstrate that there is cause to reopen this case.

2

Accordingly,

IT IS ORDERED that to the extent the Motion requests a waiver of the filing fee to file the motion to reopen, it is granted.

IT IS FURTHER ORDERED that in all other respects, the Motion (Docket # 22) is denied.

**Signed on March 27, 2024**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**